KRAVITCH, Circuit Judge, concurring:

Although the three judge panel in this case found itself bound by United States v. Foree, 43 F.3d 1572 (11th Cir. 1995), and United States v. Osburn, 955 F.2d 1500 (11th Cir.), cert. denied, 506 U.S. 878 (1992), having considered the case en banc I agree with the opinion of the court. I write separately to alert sentencing courts to a potential problem in applying the rule established by this opinion.

There could be a double-counting problem with punishing defendants both for growing marijuana plants based on the number of plants involved, and for possessing the marijuana derived from those same plants based on the weight of the dry leaf marijuana possessed. We should be concerned in cases like this one that the government, upon finding both harvested, rotting plants and a quantity of dry leaf marijuana derived from those plants, might count the same marijuana against the defendant twice: once by using the dead plants as evidence of previously living plants in sentencing for growing, and again by weighing the dry leaf marijuana in sentencing for possession. This problem does not arise if defendants can be sentenced for growing based only on the number of live plants discovered by the police; thus, the panel opinion in Shields had the virtue of establishing a prophylactic rule. I assume, however, that sentencing courts will be able to monitor and prevent such double-counting on a case-by-case basis (and that law enforcement officials and prosecutors will not intentionally overreach).