**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Wayne HENDERSON, Defendant–Appellant.**

No. 95–10176
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1995.

Joseph Michael Revesz, United States Department of Justice, Dallas, TX, for plaintiff-appellee.

Larry Wayne Henderson, Rochester, MN, pro se.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant Larry Wayne Henderson appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Henderson's appointed counsel moves to withdraw, pursuant to *Anders v. California.*[1] The Government moves to dismiss the appeal for want of jurisdiction. We deny the Government's motion, but we grant counsel's motion, and we dismiss the appeal.

The Armed Career Criminal Act makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for more than one year to possess a firearm.[2] Having previously been convicted four times of crimes punishable by imprisonment for more than one year, Henderson possessed and sold a handgun, in violation of the Armed Career Criminal Act. Henderson pleaded guilty to the handgun charge after the Government notified Henderson of its intention to seek an enhanced punishment. In the plea agreement, Henderson waived the right to appeal his sentence.[3] After the district court accepted his plea, Henderson moved to discharge his counsel and to withdraw his plea. After a hearing, the district court granted the motion to discharge counsel, appointed the Federal Public Defender's Office to represent Henderson, and denied his motion to withdraw the guilty plea. The district court sentenced Henderson to a prison term of fifteen years, the statutory minimum.[4] Henderson timely filed a notice of appeal. Henderson's appointed counsel filed an *Anders* brief,[5] and Henderson filed his own brief *pro se.* The Government moved to dismiss the appeal for want of jurisdiction on the ground that Henderson had waived his right to appeal.

Henderson argues that the district court erred when it denied his motion to withdraw the guilty plea. The motion, Henderson asserts, should have been granted because he was denied adequate assistance of counsel. We must first determine whether Henderson has waived the right to raise such a claim on direct appeal. The right to appeal a criminal conviction is a statutory right, not

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. 18 U.S.C. § 922(g).

3. Henderson reserved the right to appeal any punishment imposed in excess of the statutory maximum and any upward departure from the applicable sentencing guidelines.

4. *See* 18 U.S.C. § 924(e)(1) (setting minimum punishment for persons convicted under § 922(g) with three prior convictions).

5. Pursuant to *Anders,* appointed counsel on appeal may move to withdraw from the case after fully examining the facts and the law pertaining to the case, concluding that the appeal presents no legally non-frivolous questions, and submitting a brief explaining why the appeal presents no legally non-frivolous questions. Though we hold that we have jurisdiction to entertain Henderson's appeal, we find that the appeal itself raises no issue of arguable merit. Therefore, counsel has satisfied *Anders* sufficiently to allow his withdrawal from the case.

a constitutional right. *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). A defendant may waive statutory rights, including the right to appeal, as part of a plea bargaining agreement. *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir.1992). However, we have previously noted, without deciding the issue, that waivers of rights to appeal may not apply to ineffective assistance of counsel claims. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (noting that waiver of postconviction relief in plea agreement may not apply to collateral attacks based on ineffective assistance of counsel). Without deciding the issue, the Ninth Circuit has expressed similar sentiments. *See United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

■ On facts similar to Henderson's case, the Fourth Circuit held that a defendant's waiver of appeal in a plea agreement does not preclude an appeal from the denial of a motion to withdraw the plea, where the motion to withdraw is based on a claim of ineffective assistance of counsel. *United States v. Craig,* 985 F.2d 175, 178 (4th Cir. 1993). We agree with the Fourth Circuit that dismissal of an appeal based on a waiver in the plea agreement is inappropriate where the defendant's motion to withdraw the plea incorporates a claim that the plea agreement generally, and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel. Thus, we hold that the waiver of appeal in Henderson's plea agreement does not preclude this appeal, and thus that we have jurisdiction to entertain Henderson's challenge to the district court's denial of his motion to withdraw the plea.

■ We must next determine whether Henderson's appeal presents an issue of arguable merit. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Bounds,* 943 F.2d 541, 543 (5th Cir.1991). The district court may grant a motion to withdraw a

guilty plea upon the defendant's showing of "any fair and just reason." FED.R.CRIM.P. 32(e). The burden of establishing a fair and just reason rests with the defendant. *United States v. Badger,* 925 F.2d 101, 104 (5th Cir.1991). When ruling on a motion to withdraw a guilty plea, district courts should consider (1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the motion, (4) whether withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available to the defendant, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources. *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). Henderson asserts only the inadequate assistance of his counsel as a fair and just reason for why the district court should have granted the motion.

■ Henderson first argues that adequate assistance of counsel was not available to him when he entered the plea agreement. He claims that his counsel instructed him to accept the plea agreement without informing him of its contents. However, the record of the plea proceedings reveals that Henderson answered affirmatively when asked by the district court if his counsel had reviewed the contents of the plea agreement with him. The district court then questioned Henderson thoroughly about his understanding of the contents of the plea agreement, and the prosecutor read the terms of the plea agreement into the record. There is every indication that Henderson's counsel provided adequate assistance during the plea proceedings, and that Henderson understood the contents of the plea agreement at the time the district court accepted his guilty plea.

■ Henderson also argues that adequate assistance of counsel was not available to him at the hearing on his motion to withdraw the plea. He asserts that a conflict of interest prevented his attorney from effectively representing him at the hearing, since the alleged ineffectiveness of that same attorney formed the basis for the motion. However,

the record of the hearing reveals that Henderson's counsel, despite the awkwardness of his position, called Henderson to testify and asked open-ended questions to allow Henderson to fully develop his claim. The district court then questioned Henderson thoroughly to give him "the opportunity at this hearing to articulate the full litany of complaints" he had against his counsel. There is every indication that Henderson's counsel provided adequate assistance during the hearing on Henderson's motion to withdraw the plea, and that Henderson was given a full opportunity to present his claims to the district court.

Other factors relevant to the district court's inquiry weigh heavily against granting Henderson's motion to withdraw his plea. Henderson never asserted his innocence, and in fact repeatedly admitted his guilt of the handgun offense, both during the plea proceedings and at the hearing on his motion to withdraw the plea. Henderson repeatedly demonstrated his understanding of the contents of the plea agreement during careful questioning by the district court, and Henderson repeatedly assured the district court that he entered the plea knowingly and voluntarily. Additionally, to allow Henderson to withdraw his guilty plea would have inconvenienced the district court and wasted judicial resources. On this record, we conclude that the district court did not abuse its discretion in denying Henderson's motion to withdraw his guilty plea.

Based on the foregoing, the Government's motion to dismiss Henderson's appeal for want of jurisdiction is DENIED. However, having carefully reviewed the record, we find that Henderson's appeal raises no issue of arguable merit. Therefore, the motion of Henderson's counsel to withdraw is GRANTED, and the appeal is DISMISSED. 5TH CIR.R. 42.2.