IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20301
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIDAL BANUELOS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-0242-04
- - - - - - - - - -
July 16, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Vidal Banuelos pleaded guilty to conspiracy to possess with intent to distribute cocaine. Banuelos agreed in the plea agreement to waive his right to appeal.

Our review of the record shows that Banuelos knowingly and voluntarily waived the right to appeal his claims that the district court misapplied the Sentencing Guidelines in imposing his sentence. United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992); United States v. Portillo, 18 F.3d 290, 293 (5th

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Cir.), cert. denied, 115 S. Ct. 244 (1994).  It is not clear whether Banuelos has waived his claims of ineffective assistance of counsel.  See United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995).  However, the record is not sufficiently developed to address the ineffective-assistance claims on direct appeal.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).  The appeal is DISMISSED WITHOUT PREJUDICE to Banuelos's right to raise the ineffective-assistance-of-counsel issue in an appropriate proceeding under 28 U.S.C. § 2255.  See United States v. Casel, 995 F.2d 1299, 1307 (5th Cir.), cert. denied, 114 S. Ct. 1368 (1994).

APPEAL DISMISSED.