IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21131
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BILLY GREEN, also known as Billy Dickerson

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-120-ALL
--------------------
October 16, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Billy Green appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Green argues that the district court erred in determining that he was in possession of cocaine and in possession of more than three firearms. A review of the record as a whole reveals that the district court did not commit clear

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error in making this factual determination.  See <u>United States v. Flucas</u>, 99 F.3d 177, 178 (5th Cir. 1996).  Therefore, the sentence imposed by the district court is AFFIRMED.

Green also argues that he received ineffective assistance of counsel.  A claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not first been raised in the district court.  <u>United States v. Bounds</u>, 943 F.2d 541, 544 (5th Cir. 1991).  Because the district court did not make any factual findings regarding the allegations of ineffective assistance, an analysis of these claims would require speculation by this court as to the reasons for the attorneys' alleged acts and omissions.  See <u>United States v. Kizzee</u>, 150 F.3d 497, 503 (5th Cir. 1998).  We therefore decline to reach the merits of Green's ineffective assistance of counsel claim, preserving Green's right to present this matter to the district court via a motion under 28 U.S.C. § 2255.  See <u>United States v. Henderson</u>, 72 F.3d 463, 465 (5th Cir. 1995).

AFFIRMED.