IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 00-40356
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY LEVI,

Defendant-Appellant.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-145-1

————————————————————————

January 4, 2001

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Henry Levi has moved

for leave to withdraw, filing a brief in accordance with Anders v. California.[1] Levi

was notified of counsel's motion and brief, and he has filed a reply together with a

motion for appointment of new counsel.

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]386 U.S. 738 (1967).

Levi maintains that he received ineffective assistance of counsel. A claim of ineffective assistance of counsel cannot be resolved on direct appeal when it has not first been raised in the district court.[2] The district court understandably made no factual findings regarding the newly advanced allegations of ineffective assistance. It is manifest that an analysis of this claim would require speculation by this court as to the reasons for the attorney's alleged acts and omissions.[3] This we decline do. We do not reach the merits of Levi's ineffective assistance of counsel claim, without prejudice to his right to present this matter to the district court via a motion under 28 U.S.C. § 2255.[4]

Our review of the record, counsel's brief, and Levi's reply discloses no non-frivolous issues for appeal. Consequently, counsel's motion for leave to withdraw is GRANTED and counsel is excused from further responsibilities herein. Levi's motion for appointment of new counsel is DENIED and the appeal is DISMISSED. See 5th Cir. R. 42.2.

---

[2]United States v. Bounds, 943 F.2d 541 (5th Cir. 1991).

[3]United States v. Kizzee, 150 F.3d 497 (5th Cir. 1998).

[4]United States v. Henderson, 72 F.3d 463 (5th Cir. 1995).