IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11167
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE EARL HAYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-47-1-C
--------------------
April 2, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:*

Freddie Earl Hayes seeks to appeal his conviction for possession of a firearm by a convicted felon and his sentence of 105 months' imprisonment. He argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional. The Government argues that Hayes has waived his right to raise this issue on appeal. Hayes has not filed a reply brief addressing the waiver-of-appeal issue.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal. United States v. Melancon, 972

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 566, 567-68 (5th Cir. 1992); <u>United States v. Henderson</u>, 72 F.3d 463, 464-65 (5th Cir. 1995).  The record reflects that Hayes knowingly and voluntarily waived his right to appeal, with limited exceptions, in his plea agreement.  <u>See</u> <u>United States v. Portillo</u>, 18 F.3d 290, 292-93 (5th Cir. 1994).  Thus, we decline to address Hayes' arguments pertaining to the purported unconstitutionality of 18 U.S.C. § 922(g).

Hayes also argues that the district court erred in increasing his base offense level by four pursuant to U.S.S.G. § 2K2.1(b)(5).  Hayes' arguments are foreclosed by our decision in <u>United States v. Condren</u>, 18 F.3d 1190, 1191 (5th Cir. 1994).

AFFIRMED.