IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11452
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JAMES CHARLES HOWELL, also known as Jay Howell,

                                                            Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-473-1
---------------------
June 20, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    James Charles Howell appeals the sentence imposed following

his guilty-plea conviction for possession of an unregistered

firearm in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871.

The Government argues that Howell knowingly and voluntarily

waived his right to appeal his sentence as part of his plea

agreement.  Howell argues that the waiver provision does not bar

this appeal because it allows him to appeal an upward departure.

He argues that he is challenging the district court's imposition

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a partly consecutive sentence which was the functional equivalent of an upward departure.

Howell has not shown that the sentence imposed by the district court was the result of an upward departure. The district court sentenced Howell to 51 months, a sentence within the applicable guideline range of 41 to 51 months. The district court explained that it was imposing a partly consecutive sentence because the state felony offense was only partly taken into consideration in calculating the applicable guideline range for the firearm offense. If the district court had fully considered the state narcotics offense by applying U.S.S.G. § 2K2.1(c) in calculating Howell's offense level, Howell would have faced a guideline sentencing range of 78 to 97 months of imprisonment. Because the district court did not fully take the state narcotics offense into consideration, U.S.S.G. § 5G1.3(c) applied to the calculation of Howell's sentence.

Section 5G1.3(c) authorized the district court to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Therefore, Howell's sentence was not the result of an upward departure from the applicable guideline range. Because the district court did not depart upward, the waiver-of-appeal provision in the plea agreement is applicable. The record indicates that Howell knowingly and voluntarily waived the right to appeal his sentence. See United States v. Henderson, 72 F.3d 463, 464-65 (5th Cir. 1995); see also United States v. Melancon,

972 F.2d 566, 567 (5th Cir. 1992).  Therefore, Howell may not appeal his sentence, and the appeal is DISMISSED.