United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11379
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO AVENDANO-ALEMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-00146-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rolando Avendano-Aleman ("Avendano") appeals the sentence imposed after he plead guilty to illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. Under section 1326, the maximum sentence available was twenty years imprisonment and three years supervised release,[1] but under the United States Sentencing Guidelines, Avendano's individualized

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 18 U.S.C. § 3583(b)(2) (authorizing courts to impose a supervised release term of not less than three years for a class C felony); *id.* § 3559(a)(3) (defining a class C felony as an offense with a statutory maximum term of imprisonment less than twenty-five years, but at least ten years).

imprisonment range was determined to be seventy to eighty-seven months imprisonment and his supervised release range was determined to be two to three years. Avendano was ultimately sentenced to seventy-eight months imprisonment and three years supervised release.

On appeal, Avendano raises three challenges to his sentence, all of which were preserved in the district court. Avendano argues that his Sixth Amendment rights were violated under *United States v. Booker*[1] because his sentence (1) was enhanced sixteen levels under the Sentencing Guidelines based on a prior conviction for "a crime of violence,"[2] and (2) was imposed under the mandatory sentencing regime.[3] Avendano also challenges the constitutionality of the sentence-enhancement provisions in section 1326(b)(1) and (b)(2), which increase the statutory maximum prison term from two to either ten or twenty years based on a prior felony conviction or a prior aggravated felony conviction, respectively. As Avendano concedes, however, his latter argument is foreclosed by *Almendarez-Torres v. United States*[4] and existing circuit precedent,[5]

---

[1] 125 S.Ct. 738 (2005).

[2] U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2004).

[3] *Booker*, 125 S.Ct. at 749-50, 764 (holding that mandatory sentences that are enhanced based on facts not admitted by the defendant or found beyond a reasonable doubt violate the Sixth Amendment and remedying the constitutional violation by rendering the Sentencing Guidelines advisory only).

[4] 523 U.S. 224, 226-27, 235 (1998) (holding that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate element of a criminal offense and therefore it need

but the argument is raised to preserve the issue for Supreme Court review.

When a Sixth Amendment claim under *Booker* "is preserved in the district court by an objection, [this Court] will ordinarily vacate the sentence and remand, unless we can say the error is harmless under rule 52(a) of the Federal Rules of Criminal Procedure."[6] The Government concedes, and we agree based on the record, that it cannot show harmless error as to Avendano's claim that the district court improperly sentenced him under mandatory Sentencing Guidelines. Because the Government cannot show beyond a reasonable doubt that the district court would not have sentenced Avendano differently under an advisory sentencing regime,[7] we vacate and remand for resentencing in accordance with *Booker*.

---

not be proved to a jury or admitted by the defendant before it may be used to enhance a sentence).

[5]*See United States v. Izaguirre-Flores*, 405 F.3d 270, 277-78 (5th Cir. 2005) (this Court must follow *Almendarez-Torres* "'unless and until the Supreme Court itself decides to overrule it.'" (quoting *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000))).

[6]*United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005), *pet. for cert. filed* (U.S. Mar. 31, 2005) (No. 04-9517).

[7]*See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005) ("[T]o show harmlessness, the government must demonstrate beyond a reasonable doubt that the Sixth Amendment *Booker* error did not affect the sentence that the defendant received."); *United States v. Akpan*, 407 F.3d 360, 377 (5th Cir. 2005) ("[T]he government must bear the burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the federal constitutional error of which the defendant complains did not contribute to the sentence that he received." (citations omitted)).

Avendano asserts that the district court's sentencing discretion on remand should be capped at the applicable Sentencing Guidelines maximum rather than the statutory maximum of twenty years imprisonment. Avendano claims that application of the remedial holding in *Booker*, rendering the Sentencing Guidelines advisory,[8] violates the ex post facto and due process clauses of the Constitution by exposing him to a harsher sentence under the advisory guidelines system than was available under the mandatory system. Avendano's claim is meritless because (1) at all pertinent times the statutory maximum prison term was twenty years, (2) before Avendano plead guilty and before his guideline punishment range was determined, the court explicitly notified him that he faced a statutory maximum prison term of twenty years, which is the same potential term he will face on remand, and (3) the court admonished him that his guilty plea would stand even if the ultimate sentence imposed was harsher than he expected.[9] Moreover, in *United States v. Scroggins*, we recently rejected a similar argument, holding that it "is at least implicitly contrary to the holding in Justice Breyer's *Booker* opinion that 'we must apply today's holdings-*both* the Sixth Amendment holding and our

---

[8]*Booker*, 125 S.Ct. at 764 (excising the statutory provision making application of the guidelines mandatory).

[9]*See United States v. Scroggins*, 411 F.3d 572, 575-76 (5th Cir. 2005) (rejecting a nearly identical argument under *Booker*); *see also United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (same), *pet. for cert. filed* (U.S. Jun. 20, 2005 (No. 05-5467); *United States v. Jamison*, ___ F.3d ___ (7th Cir. 2005) (same) (citing *Duncan* and *Scroggins*).

remedial interpretation of the Sentencing Act–to *all* cases on direct review.'"[10]

The district court's judgment is therefore VACATED and REMANDED for resentencing in accordance with *Booker*.

---

[10]*Scroggins*, 411 F.3d at 576 (quoting *Booker*, 125 S.Ct. at 769).