United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11074

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN WAYNE NORWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 7:03-CR-009-R)

_____

Before REAVLEY, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Stephen Norwood appeals his sentence following his guilty plea to the offense of

being a felon in possession of ammunition. We affirm Norwood's conviction, but vacate

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

his sentence and remand for resentencing for the following reasons:

1. We hold that the appeal waiver does not preclude an appeal from the denial of his motion to withdraw his guilty plea, which is based partly on a claim of ineffective assistance of counsel. United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). In addition, we hold that the plea agreement is ambiguous and construe it against the government. United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997).

2. Because Norwood did not meet his burden of establishing a fair and just reason for withdrawing his guilty plea based on a totality of the seven factors outlined in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), the district court did not abuse its discretion in denying Norwood's motion to withdraw his guilty plea, without conducting an evidentiary hearing. United States v. Powell, 354 F.3d 362, 370-71 (5th Cir. 2003).

3. Norwood argues that his sentence violated the Sixth Amendment because the question of whether the prior convictions used to sentence him under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)) and as a career offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 resulted from conduct committed on separate occasions was not alleged in the indictment and proven to a jury beyond a reasonable doubt. In essence, Norwood argues that one of the statutory predicates – that his three prior burglary convictions were "committed on occasions different from one another" – were not alleged in the indictment and

were facts improperly found by the judge in violation of his Sixth Amendment rights. "There is no Sixth Amendment violation with respect to post-trial consideration of career offender status." United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005). Other than a defendant's age, "the determinations made in the course of career offender classification are all questions of law," id., and thus are not subject to the requirements of Shepard v. United States, -- U.S. --, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005), United States v. Booker, -- U.S. --, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). Id. See also United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005) ("Whether the burglaries occurred on different occasions does require applying the fact that they were separate episodes. But this fact is inherent in the convictions themselves, and thus is not among the kind of facts extraneous to a conviction that Blakely or Shepard requires a jury to find. To take notice of the different dates or locations of burglaries – something inherent in the convictions – is to take notice of different occasions as a matter of law.") Norwood can demonstrate no error, plain or otherwise, regarding whether his sentencing as a career offender violated Shepard, Booker, and Blakely.

4.   Norwood does not dispute that his prior convictions are violent felonies. Instead, he argues that the record fails to support the district court's conclusion that his three prior convictions arose from a different criminal episode under § 924(e). While the PSR provides that Norwood pled guilty to the following felonies: (1)

burglary of a habitation on July 9, 1986; (2) burglary of a building on February 21, 1989; and (3) burglary of a building on September 31, 1991, unfortunately, based on the record before us, we cannot determine whether the district court reviewed judicial records consistent with Shepard, 125 S. Ct. at 1257 (limiting the district court to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Norwood's PSR states that the information related to his prior convictions came from "court records." Considering Norwood pleaded guilty to the three prior convictions, the category of "court records" presumably includes charging documents, written plea agreements, and transcripts of plea colloquies—all sources of "conclusive significance" under Shepard—but it may extend beyond that into sources that are not authorized by Shepard. Shepard, 125 S. Ct. at 1262. Unfortunately, the record does not tell us what these "court records" were. The record contains no other documents—such as an indictment, information, plea agreement, or transcript of plea colloquy—that we may rely on to determine whether Norwood's burglaries occurred on separate occasions. This possible Shepard problem provides an additional basis to direct reconsideration with regard to Norwood's sentence.

5. Norwood argues that imposition of a non-Guidelines sentence implicates the *ex post facto* and due process clauses of the Constitution because at the time he committed the offense, the Guidelines were mandatory. This Court has previously

rejected this argument and we do so again.  United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005); United States v. Avendano-Aleman, 145 Fed. Appx. 35, 37 (5th Cir. 2005); see also United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (stating "[w]e readily conclude that [defendant] had sufficient warning to satisfy the due process concerns articulated in Rodgers v. Tennessee" because U.S. Code informed defendant of maximum punishment and Federal Guidelines informed him that judge would engage in fact-finding to determine sentence).

6.  Norwood contends that the district court unconstitutionally enhanced his sentence based on the fact that he caused serious bodily injury to law enforcement personnel (U.S.S.G § 3A1.2(b)(1)), a fact neither pleaded to nor proved in violation of Booker.  Because Norwood preserved the Booker issue by objecting in the district court, we review under the harmless error standard. See United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir.2005). "Harmless error is '[a]ny defect, irregularity, or variance that does not affect substantial rights' of the defendant, and 'arises when the mistake fails to prejudice the defendant.'" Id. (quoting Fed. R. Crim. P. 52(a)).  In reviewing Booker issues for harmless error, the Government must show that the Booker error was harmless by demonstrating beyond a reasonable doubt that the district court would not have sentenced differently absent the erroneous factor.  Id.  The district court erred in applying a three-level enhancement to Norwood's sentence pursuant to U.S.S.G. § 3A1.2(b)(1).  The

5

Government has failed to show beyond reasonable doubt that the district court would not have sentenced differently absent the Booker error. Absent the erroneous three-level increase, the applicable guideline range would have been decreased from 210-262 months to 151-188 months. The 210-month sentence imposed would have been outside the guideline range. There is nothing in the record to indicate that the district court would have imposed the same sentence under an advisory rather than a mandatory guidelines scheme. United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005). Accordingly, this sentence must be reconsidered by the district court.

7. For the forgoing reasons, the district court's judgment of conviction is AFFIRMED, but the sentence is VACATED and the case REMANDED for the district court to resentence in accordance with Shepard and Booker.