United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 22, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50602
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLDO LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-209-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arnoldo Lopez appeals from his conviction by guilty plea of distribution of heroin, for which Lopez was sentenced to 35 years of imprisonment, a sentence less the mandatory statutory term of life imprisonment. Lopez contends that counsel was ineffective for failing to provide accurate advice regarding the practical meaning of Lopez's appeal-waiver provision; that counsel was ineffective for failing to move for the exclusion of his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

videotaped confession; that counsel was ineffective for failing to object to the firearm adjustment to Lopez's offense level; and that counsel's ineffective actions, taken cumulatively, demonstrated performance so deficient that prejudice should be presumed pursuant to United States v. Cronic, 466 U.S. 648 (1984).

To prevail on an ineffective-assistance-of-counsel claim, an applicant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the applicant must show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688. To prove prejudice, the applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Lopez's plea agreement contained the following provision:

The Defendant expressly waives the right to appeal his sentence on any ground, other than for ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension. Similarly, the Defendant agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

Lopez misreads the waiver provision. The waiver has no effect on his ability to appeal, or seek 28 U.S.C. § 2255 relief from, his <u>conviction</u>; the provision affects only his ability to appeal, or seek § 2255 relief from, his <u>sentence</u>. Moreover, a waiver provision does not preclude an appeal or a § 2255 motion based on claims that the plea agreement or the waiver provision were tainted by ineffective assistance. <u>United States v. White</u>, 307 F.3d 336, 339 (5th Cir. 2002) (§ 2255 motion); <u>United States v. Henderson</u>, 72 F.3d 463, 465 (5th Cir. 1995) (direct appeal). However, the record in this case is not sufficiently developed for us to address on direct appeal whether counsel provided Lopez with inadequate advice regarding the waiver provision. <u>See</u> <u>United States v. Higdon</u>, 832 F.2d 312, 313-14 (5th Cir. 1987). The record is also undeveloped regarding Lopez's remaining ineffective-assistance contentions; we will not address those contentions on direct appeal.

AFFIRMED.