**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30771
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRANDON BARKSDALE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-52-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brandon Barksdale pleaded guilty to all five counts of his superseding bill of information: conspiracy to possess with intent to distribute at least 500 grams but not more than 1.5 kilograms of cocaine base (Count 1); possession with intent to distribute a quantity of 3,4 methylenedioxmethamphetamine (Count 2); using, carrying, and discharging a firearm in relation to a drug trafficking crime (Count 3); possession with intent to distribute 50 grams or more of cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

base (Count 4); and possession of a firearm by a convicted felon (Count 5). Nearly eight months after the district court accepted Barksdale's plea and about two and a half months after issuance of his presentence report, Barksdale moved to withdraw his guilty plea as to Count 3. The district court heard the motion immediately before Barksdale's sentencing and denied the motion.

Barksdale argues that his guilty plea was involuntary due to ineffective assistance by his trial counsel and that his trial counsel also provided ineffective assistance during the hearing on Barksdale's motion to withdraw his guilty plea. Barksdale's plea agreement contained a waiver of appeal, but Barksdale contends that the waiver does not bar review of his instant claims. A defendant may always avoid a waiver of appeal on the limited grounds that the waiver or guilty plea itself was tainted by ineffective assistance of counsel. *United States v. White*, 307 F.3d 336, 339, 343 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). However, because Barksdale did not raise these ineffective assistance of counsel claims before the district court, we decline to consider them without prejudice to any right Barksdale may have to raise them in a subsequent proceeding. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008).

Barksdale also argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992). District courts should consider seven factors when ruling on a motion to withdraw a guilty plea: "(1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the motion, (4) whether withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available to the defendant, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources." *Henderson*, 72 F.3d at 465 (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir.1984)). The

district court's determination should be made based on the totality of the circumstances. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). "No single factor or combination of factors mandates a particular result." *Id.* Factors raised for the first time on appeal will not be considered. *See id.*; *see also United States v. Allen*, No. 93-3563, 1994 WL 93560, at *2 (5th Cir. Mar. 18, 1994) (unpublished); 5TH CIR. R. 47.5.3 (providing that unpublished opinions issued before January 1, 1996, are precedent).

For the first time on appeal, Barksdale contends that the Government would not be prejudiced by the withdrawal of the plea, the burden on the district court would be minimal, any delay in the filing of his motion to withdraw his plea was due to his trial counsel, and ineffective assistance by his trial counsel rendered his guilty plea involuntary and uninformed. These new contentions are not considered here. *See Allen*, 1994 WL 93560, at *2; *Badger*, 925 F.2d at 104. Barksdale also argues that the district court erred in considering his assertion of innocence and explanation for why he pleaded guilty, namely that he was under the belief that he was pleading guilty to his original indictment rather than the superseding bill of information. These arguments are unavailing in light of the record, which reflects that the district court made clear to Barksdale that he was pleading guilty to the offenses in his superseding bill of information. Barksdale made no assertions of his innocence when entering his plea, and he instead indicated that he was pleading guilty because he was indeed guilty. The district court did not abuse its discretion in denying Barksdale's motion to withdraw his guilty plea.

AFFIRMED.