# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 24, 2012

Lyle W. Cayce
Clerk

No. 11-41303
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIA PENA-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1940-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elia Pena-Perez (Pena) pleaded guilty of possession of more than five kilograms of cocaine with intent to distribute and was sentenced to a 151-month term of imprisonment and to a five-year period of supervised release. Pena contends in this appeal that the district court abused its discretion in denying her motion to withdraw her guilty plea and that her conviction must be vacated because the magistrate judge did not comply with Rule 11 of the Federal Rules

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Criminal Procedure in receiving her guilty plea and because the plea was tainted by ineffective assistance of counsel.

In her plea agreement, Pena agreed to waive her statutory right to appeal her conviction. We may entertain Pena's challenge of the district court's denial of her motion to withdraw her plea, notwithstanding the appeal waiver. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). Because Pena's argument with respect to the validity of the Rule 11 colloquy is subsumed within the question whether the district court erred denying the motion to withdraw the plea, we have considered it also. Because Pena has not had an opportunity to develop her ineffective assistance of counsel claim fully, however, we decline to consider it at this juncture. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

In arguing that the guilty plea was unknowing and involuntary, Pena points to a moment at the end of the guilty-plea proceeding when she hesitated and looked toward counsel after being asked whether she wished to proceed with her guilty plea. The magistrate judge admonished her that she had to answer the question and that counsel could not answer it for her. Pena argues that the magistrate judge should have given her an opportunity to confer with counsel. This contention is without merit.

Rule 11 directs the court to address the defendant personally and to determine that the defendant understands her rights and the consequences of her plea. RULE 11(b)(1). It was not improper for the magistrate judge to admonish Pena that she was required to answer his questions personally. *See McCarthy v. United States*, 394 U.S. 459, 464-67 (1969). There is no reason to believe that Pena did not understand, at that stage of the proceeding, what she was there to do and why she was doing it. The magistrate judge had already asked Pena whether she had an adequate opportunity to confer with counsel and she had expressed an understanding of each element of the Rule 11 colloquy. There was nothing left for Pena to do but to move forward with the plea and to

admit the facts in the factual resume or to decline to do so. The magistrate judge gave her that choice. After Pena indicated that she wished to continue, she indicated that she understood everything that had been explained to her, and she responded negatively when she was asked whether she had any questions. A fair reading of the rearraignment transcript provides no support for Pena's contention that her guilty plea was unknowing and involuntary because of flaws in the Rule 11 colloquy.

The district court's order denying Pena's motion to withdraw her guilty plea is reviewed for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The following seven factors are considered: (1) whether the defendant has asserted her innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing her withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The district court should base its decision on the totality of circumstances. *Powell*, 354 F.3d at 370.

Pena argues again, with respect to the fifth and sixth *Carr* factors, that the magistrate judge did not permit her to consult with counsel when she hesitated, at the conclusion of the rearraignment hearing, in responding to the question whether she wished to proceed with her guilty plea. For reasons already explained, this contention is without merit.

Pena argues, with respect to the third *Carr* factor, that her request to withdraw her guilty plea was delayed because she did not meet with counsel for several weeks after the rearraignment, and because her letters to the court making that request were delayed so that they could be translated. This argument is without merit. We note that Pena did not ask for leave to withdraw

her guilty plea in several letters she wrote to the court prior to her meeting with counsel.

In this case, the district court carefully weighed the *Carr* factors and determined that, under the totality of the circumstances, Pena had not shown that there was a fair and just reason to permit her to withdraw her guilty plea. Pena has not shown that the district court abused its discretion. *See Powell*, 354 F.3d at 370. The judgment is AFFIRMED.