**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2013

No. 11-50608
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS DESHAW HICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-292-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

On the day of his trial and after the jury was selected, Marcus Deshaw Hicks pleaded guilty to conspiring to possess with intent to distribute 50 or more grams of a mixture containing crack cocaine. As part of his written plea agreement, Hicks waived his right to appeal his conviction and sentence, with certain exceptions. In exchange, the Government dismissed a second count of the indictment and several sentence enhancement paragraphs. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court sentenced Hicks within the advisory guidelines range to 240 months in prison and 10 years of supervised release.

Hicks contends that he was denied effective assistance of counsel because trial counsel failed to file a motion to suppress evidence obtained in violation of the constitution. He also contends that his guilty plea was not knowing and voluntary because it was a result of counsel's erroneous legal advice concerning his Fourth Amendment claim and the propriety of challenging the seizure. The record in this case is not developed sufficiently for us to review this claim on direct appeal. *See United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). A 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *See Massaro* v. *United States*, 538 U.S. 500, 503-04 (2003).

Additionally, Hicks argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. Review of this issue is not barred by the appeal waiver because Hicks's motion to withdraw was based, in part, on his assertion that his plea was tainted by counsel's ineffective assistance. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995).

Because Hicks did not seek to withdraw his guilty plea before the district court accepted it, he had no absolute right to withdraw his guilty plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Once the court accepts a guilty plea, the defendant may withdraw it before sentencing if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." *Powell*, 354 F.3d at 370. "[A] district court abuses its discretion in denying a defendant's motion to withdraw a guilty plea only if the court bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. McKnight*, 570 F.3d 641, 648-49 (5th Cir. 2009).

When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). In adopting the magistrate judge's recommendation and denying Hicks's motion to withdraw his guilty plea, the district court reviewed the *Carr* factors and found that Hicks had not met his burden of showing a fair and just reason for withdrawing his guilty plea.

Hicks asserts that the district court misapplied the *Carr* factors and presents his own application of the *Carr* factors to the facts and circumstances of his case. However, he makes no argument and fails to show that the district court's decision was based "on an error of law or a clearly erroneous assessment of the evidence." *McKnight*, 570 F.3d at 648-49. Given the totality of the circumstances, the district court did not abuse its discretion by denying Hicks's motion to withdraw his guilty plea. *See Powell*, 354 F.3d at 370. Affirmed.