# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50938

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS DESHAW HICKS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-292-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcus Deshaw Hicks, federal prisoner # 42547-177, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2255 motion, wherein he challenged his conviction and sentence for one count of conspiracy to possess with the intent to distribute more than 50 grams of a controlled substance. The district court dismissed Hicks's § 2255 motion and denied him a COA.

A COA may issue only if Hicks "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50938

has denied relief on procedural grounds, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court has denied relief on the merits, the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Hicks argues that his appellate counsel was ineffective for failing to advise him in writing, after this court's affirmance of his conviction on direct appeal, that he could seek certiorari in the Supreme Court. While it is disputed whether Hicks knew of his right to seek certiorari, it is undisputed that his appellate counsel did not provide him notice of this right in writing. Notice in writing is required by this court's Plan for Representation on Appeal Under the Criminal Justice Act (CJA Plan), which states that "[p]romptly after the court of appeals decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." CJA Plan, § 6, ¶ 4. This court has previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review in the Supreme Court. *See Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir. 1972); *Ordonez v. United States*, 558 F.2d 448, 449 (5th Cir. 1979).

Hicks has established that the district court's dismissal of his § 2255 motion on this ground is debatable. *See Slack*, 529 U.S. at 484. A COA is therefore granted on this issue. Furthermore, in light of the district court's determination that Hicks's appellate counsel did not inform Hicks in writing of his right to seek Supreme Court review, we recall our mandate in Hicks's direct criminal appeal, *United States v. Hicks*, 537 F. App'x 449 (5th Cir. 2013),

and direct the issuance of a new mandate affirming our prior affirmance of the judgment of conviction. Hicks is hereby advised of his renewed right to petition the Supreme Court for certiorari to review this court's affirmance of his direct appeal. Since Hicks has proceeded without counsel in forma pauperis in his § 2255 proceeding, we also order appointment of counsel to assist him in the prosecution of his petition for certiorari.

In Hicks's COA motion, he also argues that (i) his guilty plea was involuntary because his trial counsel erroneously advised him regarding the merits of filing a motion to suppress and that he would have proceeded to trial but for his counsel's allegedly erroneous advice; and (ii) his appellate counsel rendered ineffective assistance when he failed to argue that Hicks's guilty plea was involuntary, because—under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (FSA) and the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012)—the mandatory minimum sentence for his offense was reduced from 20 years to 10 years, and the reduction was applicable to offenders who, like Hicks, committed offenses prior to August 3, 2010, but were sentenced after the FSA went into effect. Hicks has not made the necessary showing for a COA with respect to these claims. *See Slack*, 529 U.S. at 484. Accordingly, as to these claims, a COA is denied.

Hicks also moves for leave to proceed in forma pauperis (IFP). That motion is granted.

Hicks's motion for a COA is hereby GRANTED in part and DENIED in part. Hicks's motion to proceed IFP is hereby GRANTED. The original judgment of this court on direct appeal is VACATED, a new judgment is ENTERED reaffirming the judgment of conviction, and counsel for Hicks is ORDERED to be appointed to assist him in the prosecution of his petition for certiorari.

No. 15-50938

The Clerk of Court is also instructed to enter this Order in No. 11-50608, Hicks's direct appeal in which a new mandate will be issued.