# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY ANTHONY COLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-82-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gary Anthony Cole, while in federal custody for a separate offense, was charged with mailing threatening communications in violation of 18 U.S.C. § 876(c). He pled guilty to the offense and was sentenced to a 36-month term of imprisonment, to be followed by a three-year term of supervised release. Directly after the district court pronounced Cole's sentence, Cole moved to withdraw his guilty plea. The motion was denied. On appeal, Cole challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10725

only the district court's denial of his motion to withdraw his guilty plea.   We AFFIRM.

Cole's motion to withdraw his guilty plea appears to have been based, in part, on an assertion that his plea was tainted by counsel's ineffective assistance.   Where a motion to withdraw a plea incorporates a claim of ineffective assistance, "dismissal of an appeal based on a waiver in the plea agreement is inappropriate . . . ." *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995).   We assume without deciding that review of Cole's claim is not barred by his waiver of the right to appeal his conviction and sentence. Regardless of the waiver, Cole's underlying claim entitles him to no relief.

Because Cole did not move to withdraw his guilty plea until after he was sentenced, he cannot obtain the relief he seeks.   Federal Rule of Criminal Procedure 11(e) states that once "the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."   Cole's argument that he constructively sought to withdraw his plea prior to the pronouncement of his sentence is unconvincing.

Cole's conviction and sentence are AFFIRMED.