# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11371
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIEN ANTIONE JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-300-2

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Damien Antione Jones pleaded guilty to conspiracy to interfere with commerce by robbery, a crime of violence (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence (Count Two); three counts of interference with commerce by robbery (Count Three, Count Five, Count Seven); and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11371

violence (Count Eight).  As part of the plea agreement, Jones waived the right to challenge his conviction and sentence on appeal or in a collateral proceeding.  However, he reserved the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment or any arithmetic error at sentencing, to challenge the voluntariness of his plea or waiver, and to bring a claim of ineffective assistance of counsel.

Jones contends that the district court abused its discretion in denying his motion to withdraw his guilty plea.  We may entertain Jones's challenge of the district court's denial of his motion to withdraw his plea, notwithstanding the appeal waiver.  *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995).

The district court's order denying Jones's motion to withdraw his guilty plea is reviewed for an abuse of discretion.  *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).  The following seven factors are considered: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).  The district court should base its decision on the totality of circumstances.  *United States v. Badger,* 925 F.2d 101, 104 (5th Cir. 1991).  Under the totality of the circumstances, Jones has failed to show that the district court abused its discretion.  *See id; McKnight,* 570 F.3d at 645.

Jones also argues that the district court erred in finding that there were sufficient facts supporting the application of the guideline enhancements.  This argument is barred by the appeal waiver as a review of the record shows that

No. 16-11371

Jones knowingly and voluntarily waived his right to appeal his sentence and the argument does not fall into the exceptions in the appeal waiver. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). The record is not sufficiently developed to allow consideration of Jones's claim that he received ineffective assistance of counsel. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Thus, we decline to consider it without prejudice to collateral review. *See id.*

Finally, Jones argues that the district court made an arithmetic error at sentencing by concluding that the total aggregate sentence was 708 months rather than 678 months. The district court's misstatement at the sentencing hearing was not an arithmetic error; it merely stated that it was imposing an aggregate sentence of 324 months on Counts Three, Five, and Seven, but subsequently misstated this as 294 months. Jones's argument is therefore barred by the appeal waiver because it does not fall within the arithmetic error exception to the waiver.

AFFIRMED.